

# Fourth Court of Appeals
## San Antonio, Texas

May 8, 2015

No. 04-14-00884-CR

**EX PARTE** Thomas A. **PENA,**

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR12630-W1
Honorable Lorina I. Rummel, Judge Presiding

## O R D E R

This matter concerns an accelerated appeal from an order denying appellant's application for writ of habeas corpus pursuant to article 11.072, which was signed on November 12, 2014. On January 5, 2015, counsel for appellant filed an "Advisory to Court and Request for Guidance." In that document, counsel stated that after notice of appeal was filed, the trial court rendered an order withdrawing its November 12, 2014 order denying the application. The trial court also ordered the matter transferred to the magistrate court for review of appellant's application. According to appellant, the trial court took this action because of concerns regarding a potential conflict of interest given the trial judge's prior service as prosecutor in the same trial court. The order withdrawing the prior order and transferring the matter to the magistrate court was signed on December 15, 2014.

It appeared to this court that the December 15, 2014 order is void because it was signed outside the trial court's plenary power. More specifically, the trial court signed its original order denying the habeas application on November 12, 2014. Accordingly, that order became final, and the trial court's plenary power expired, thirty days later, i.e., on December 12, 2014. Thus, it appeared the trial court lost jurisdiction over this matter on December 12, 2014. Thus, if the foregoing is accurate, the December 15, 2014 order withdrawing the November 12, 2014 order was void.

We therefore ordered the parties to show cause why this court should not retain the appeal on this court's docket as an appeal from the November 12, 2014 order given the trial court's lack of jurisdiction. Both appellant and the State filed responses, admitting the trial court's plenary power expired, rendering the December 15, 2014 order withdrawing the December 12, 2014 order and transferring the matter to the magistrate court void. However, the parties agreed, as did we, that in light of the trial court's potential conflict of interest, this court could abate this matter to the trial court to allow the court to reconsider its November 12, 2014 order and possibly render a new order given that the December 15, 2014 order is void. To this end, appellant filed an unopposed motion to abate, as well as a motion to extend time to file appellant's brief.

Based on the foregoing, we granted appellant's unopposed motion to abate and ordered this matter abated and remanded to the trial court to permit the trial court to reconsider its December 12, 2014 order in light of the potential conflict of interest. We advised that the trial court could render any order it deemed fit, including an order withdrawing the November 12, 2014 order and transferring the matter to another court for reconsideration of appellant's original application for writ of habeas corpus.

In response to our order, the trial court, on January 26, 2015, rendered a new order withdrawing its prior order and transferring the matter to the Magistrate Court to permit the Honorable Andrew Carruthers to review and decide appellant's writ. On May 6, 2015, appellant's counsel filed a notice in this court, advising us that Judge Carruthers had rendered an order denying appellant's writ. In the order, Judge Carruthers included his findings of fact and conclusions of law in support of the order. On May 7, 2015, the district clerk filed a supplemental clerk's record in this court containing the order and its attendant findings and conclusions.

Accordingly, based on the foregoing, we **ORDER** the prior abatement lifted and the appellate deadlines reinstated. As a matter of procedure, we **ORDER** appellant's notice of appeal deemed filed as of April 20, 2015, the date the order denying appellant's request for habeas relief was rendered. *See* TEX. R. APP. P. 27.1(b) (stating that in criminal cases, prematurely filed notice of appeal is effective and deemed filed on same day, but after, sentence is imposed or suspended, or appealable order is signed by trial court). At the time of the abatement, appellant's brief was due to be filed. We therefore **ORDER** appellant to file his brief in this matter on or before **May 28, 2015**. The State's responsive brief will be due twenty days after the date appellant's brief is filed.

We **order** the clerk of this court to serve a copy of this order on the trial court, the magistrate court, and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of May, 2015.

_____
Keith E. Hottle
Clerk of Court